IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

JAMES E. HAMILTON, JR.,

          CASE NO. 2:18-CV-1318
 Petitioner,     CHIEF JUDGE EDMUND A. SARGUS, JR.
          Magistrate Judge Kimberly A. Jolson
 v.

TIM SHOOP, WARDEN,
CHILLICOTHE CORRECTIONAL INSTITUTION,

 Respondent.

## ORDER AND REPORT AND RECOMMENDATION

Petitioner, a state prisoner, brings this Petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254. The case has been referred to the Undersigned pursuant to 28 U.S.C. § 636(b) and Columbus General Order 14-1 regarding assignments and references to Magistrate Judges.

Petitioner has filed a Motion to Proceed in forma pauperis with an attached Affidavit of indigency. Upon consideration, the Court finds the Motion to be meritorious, and therefore, it is **GRANTED.**

**WHEREUPON, IT IS ORDERED THAT** the Petitioner be allowed to prosecute this action without prepayment of fees or costs and that judicial officers who render services in this action shall do so as if the costs had been prepaid.

This matter is before the Court on its own motion under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts ("Rule 4"). Pursuant to Rule 4, the Court conducts a preliminary review to determine whether "it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief . . ." For the reasons that follow, such are the circumstances here. The Undersigned therefore **RECOMMENDS** that

this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

I. **Facts and Procedural History**

Petitioner challenges his February 2, 2005, conviction pursuant to his guilty plea in the Hocking County Court of Common Pleas on the charge of aggravated murder. The Ohio Fourth District Court of Appeals summarized the facts and procedural history of the case as follows:

> {¶ 3} In February 2005, after Hamilton pleaded guilty to one count of aggravated murder in violation of R.C. 2903.01(A), the trial court sentenced him to life imprisonment with parole eligibility after serving twenty years.
>
> {¶ 4} In his direct appeal Hamilton claimed that he was deprived of his constitutional right to due process when the trial court accepted his unknowing, unintelligent, and involuntary guilty plea and that his trial counsel rendered ineffective assistance by failing to object to the trial court's misstatements. We rejected Hamilton's arguments because the record showed that the trial court repeatedly and accurately advised Hamilton that his aggravated murder conviction carried a life sentence with parole eligibility after twenty years. We found that his trial counsel's failure to object to the trial court's misstatement about post-release control was not prejudicial. Hamilton had failed to show that he would not have pled guilty if counsel had objected to the court's misstatements, thus allowing the court to then correctly inform him that he would be subject to parole instead of post-release control. We affirmed the trial court's judgment. *State v. Hamilton*, 4th Dist. Hocking No. 05CA4, 2005–Ohio–5450, ¶ 13, 22–23.
>
> {¶ 5} In 2010, Hamilton filed an unsuccessful pro se motion to withdraw his guilty plea and a motion for a new trial.
>
> {¶ 6} His current appeal is based upon a 2016, pro se "verified motion to correct sentence." That motion claimed that his sentence was contrary to law and the errors and defects at the sentencing hearing and in the sentencing entry deprived him of due process and a fair proceeding. He argued that his contentions were not barred by waiver or res judicata. He contended that his sentence "includes purported mandatory and more than the minimum sentence" but "none of the required language to impose mandatory or more than the minimum were cited" in the entry or at the hearing. He argued that R.C. 2929.13(F) required the court to issue findings and justifications for its sentence. Next, he argued that his case was a capital case that required a three-judge panel to determine his guilt and the appropriate sentence. Hamilton also argued that the sentencing entry did not inform him of his right to appeal his sentence if it were contrary to law as provided in R.C. 2953.08(B)(2). Hamilton requested the trial court issue a

corrected amended sentencing entry that complies with felony sentencing statutes and that would entitle him to judicial release, earned credit, and eligibility for the "DRC Sponsored 80% Early Release Program."

{¶ 7} The trial court denied the motion.

*State v. Hamilton*, 4th Dist. No. 16CA17, 2017 WL 1291388, at *1-2 (Ohio Ct. App. March 31, 2017). On September 13, 2017, the Ohio Supreme Court declined to accept jurisdiction of the appeal. *State v. Hamilton*, No. 2017-0634, 2017-Ohio-1294, 150 Ohio St.3d 1432 (Ohio 2017).

On October 26, 2018, Petitioner filed this *pro se* habeas corpus petition. He asserts that he was denied due process because the state courts failed to correct a flawed sentencing entry that causes his sentence to be contrary to law and void (claim one); and that he was denied the effective assistance of counsel, because his attorney failed to object or raise the issue on direct appeal (claim two). However, on July 12, 2007, Petitioner filed a prior § 2254 action challenging this same conviction. On June 10, 2008, this Court dismissed that action as barred by the one-year statute of limitations. *See Hamilton v. Warden, Lebanon Correctional Institution*, Case No. 2:07-cv-00668. Thus, this action constitutes a successive Petition. *See Defluiter v. Chillicothe correctional Inst.*, No. 2:09-cv-281, 2009 WL 1362695, at *2 (S.D. Ohio May 14, 2009) ("The dismissal of a prior habeas corpus petition as time-barred constitutes a decision on the merits, and renders a subsequent habeas corpus filing a second or successive petition.") (citations omitted).

## II. Successive Petitions

Relevant here, 28 U.S.C. § 2244(b)(3)(A) provides that before a second or successive petition for a writ of habeas corpus can be filed in the district court, the applicant shall move in the appropriate circuit court of appeals for an order authorizing the district court to consider the application. This is so because under the Antiterrorism and Effective Death Penalty Act

("AEDPA"), a district court does not have jurisdiction to entertain a successive post-conviction motion or petition for writ of habeas corpus in the absence of an order from the court of appeals authorizing the filing of such successive motion or petition. *Burton v. Stewart*, 549 U.S. 147, 152-53 (2007). Unless the court of appeals has given approval for the filing of a second or successive petition, a district court in the Sixth Circuit must transfer the petition to the United States Court of Appeals for the Sixth Circuit. *In re Sims*, 111 F.3d 45, 47 (6th Cir. 1997) (*per curiam*). Under § 2244(b)(3)(A), only a circuit court of appeals has the power to authorize the filing of a successive petition for writ of habeas corpus. *Id*.

That being the case, this Court is without jurisdiction to entertain a second or successive § 2254 petition unless authorized by the Court of Appeals for the Sixth Circuit. The Sixth Circuit, in turn, will issue this certification only if Petitioner succeeds in making a *prima facie* showing either that the claim sought to be asserted relies on a new rule of constitutional law made retroactive by the United States Supreme Court to cases on collateral review; or that the factual predicate for the claim could not have been discovered previously through the exercise of diligence, and these facts, if proven, would establish by clear and convincing evidence that, but for the constitutional error, no reasonable factfinder would have found the applicant guilty. 28 U.S.C. § 2244(b)(2).

The Sixth Circuit described the proper procedure for addressing a second or successive petition filed in the district court without § 2244(b)(3)(A) authorization in *In re Sims:*.

> [W]hen a prisoner has sought § 2244(b)(3)(A) permission from the district court, or when a second or successive petition for habeas corpus relief or § 2255 motion is filed in the district court without § 2244(b)(3) authorization from this court, the district court shall transfer the document to this court pursuant to 28 U.S.C. § 1631.

*Id*. at 47. The Undersigned recommends following that procedure here.

4

### III. Recommended Disposition

Consequently, the Undersigned **RECOMMENDS** this action be **TRANSFERRED** to the United States Court of Appeals for the Sixth Circuit as successive.

### **Procedure on Objections**

If any party objects to this *Report and Recommendation*, that party may, within fourteen (14) days of the date of this report, file and serve on all parties written objections to those specific proposed findings or recommendations to which objection is made, together with supporting authority for the objection(s). A judge of this Court shall make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made. Upon proper objections, a judge of this Court may accept, reject, or modify, in whole or in part, the findings or recommendations made herein, may receive further evidence or may recommit this matter to the magistrate judge with instructions. 28 U.S.C. § 636(b)(1).

The parties are specifically advised that failure to object to the *Report and Recommendation* will result in a waiver of the right to have the district judge review the *Report and Recommendation de novo,* and also operates as a waiver of the right to appeal the decision of the District Court adopting the *Report and Recommendation. See Thomas v. Arn*, 474 U.S. 140, (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

The parties are further advised that, if they intend to file an appeal of any adverse decision, they may submit arguments in any objections filed, regarding whether a certificate of appealability should issue.

IT IS SO ORDERED.

Date: November 6, 2018                    /s/ Kimberly A. Jolson
　　　　　　　　　　　　　　　　　　　　　　KIMBERLY A. JOLSON
　　　　　　　　　　　　　　　　　　　　　　UNITED STATES MAGISTRATE JUDGE